FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS
NOV 21 2017
JAMES W. McCORMACK, CLERK
By: [signature] DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RACHAEL SHIRES and SPENCER PILLAY, Each Individually and on Behalf of all Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:17-cv-771 - BSM

This case assigned to District Judge Miller
and to Magistrate Judge Ray

**AW LINS ASIAN CUISINE DOWNTOWN LITTLE ROCK, LLC, and "ANDY" LIU and "JENNY" LIU** **DEFENDANTS**

**ORIGINAL COMPLAINT—COLLECTIVE ACTION**

COME NOW Plaintiffs Rachael Shires and Spencer Pillay, each individually and on behalf of all others similarly situated ("Plaintiffs"), by and through their attorneys Steve Rauls and Josh Sanford of the Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendants AW Lins Asian Cuisine Downton Little Rock, LLC, and "Andy" Liu and "Jenny" Liu ("Defendants"), do hereby state and allege as follows:

## I. INTRODUCTION

1. This is a collective action for wages owed. Defendants own and/or operate AW Lins, an Asian cuisine restaurant in Pulaski County, located at 17717 Chenal Parkway in Little Rock ("AW Lins").

2. Plaintiff Shires was a server at AW Lins. Plaintiff Pillay was a bartender at AW Lins. They are told that they are paid $2.63 per hour plus tips, and $5.00 per hour plus tips, respectively, and they have so far received all of their pay in cash.

3. Defendants, however, did not let Plaintiffs keep all of the tips they received.

4. Rather, when Plaintiffs were hired, they were told that part of their tips would be collected by management as a part of a tip-pooling arrangement.

5. The tips collected were distributed to other AW Lins employees such as busboys and servers, but was also distributed to employees in management positions. Because Defendants did not operate a valid tip pool, they were required to pay Plaintiffs and its other tipped employees at least $7.50 (and $8.50 under state law) per hour.

6. Defendants' policies violate the Arkansas Minimum Wage Act ("AMWA") and the Fair Labor Standards Act ("FLSA") because Plaintiffs and others similarly situated are not compensated at a minimum of $7.50 per hour.

7. Plaintiffs bring this suit individually and on behalf of all other servers and bartenders employed by Defendants.

## II. JURISDICTION AND VENUE

8. This is an action brought by Plaintiffs on behalf of themselves and all others similarly situated against Defendants for violations of the FLSA, 29 U.S.C. § 201 *et seq*. and the AMWA, Ark. Code Ann. § 11-4-201, *et seq*.

9. Plaintiffs and all those similarly situated seek a declaratory judgment; monetary damages; liquidated damages; prejudgment interest; and civil penalties and costs, including reasonable attorneys' fees, within the applicable statutory limitations period as a result of Defendants' failure to pay minimum wages under the FLSA and the AMWA.

10. The United States District Court for the Eastern District of Arkansas has

subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

11. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action herein alleged; accordingly, this state cause of action would be expected to be tried with the federal claim in a single judicial proceeding. This Court has pendent jurisdiction over Plaintiffs' AMWA claims pursuant to 28 U.S.C. § 1367(a).

12. The acts complained of herein were committed and had their principal effect against Plaintiffs within the Western Division of the Eastern District of Arkansas. Therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

## III. THE PARTIES

13. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

14. Plaintiff Rachael Shires is a citizen and resident of Pulaski County.

15. Plaintiff Shires has worked for Defendants as a server since October of 2017.

16. Plaintiff Spencer Pillay is a citizen and resident of Pulaski County.

17. Plaintiff Pillay has worked for Defendant as a bartender since November of 2017.

18. Plaintiffs, as employees of Defendants, are or were engaged in commerce or in the production of goods for commerce.

19. Defendant AW Lins Asian Cuisine Downtown Little Rock, LLC, is an Arkansas for-profit corporation that owns and operates AW Lins.

20. Defendant "Andy" Liu is an owner/incorporator of AW Lins and manages the day-to-day operations of AW Lins.

21. Defendant "Jenny" Liu is an owner/incorporator of AW Lins and manages the day-to-day operations of AW Lins.

22. Defendant AW Lins's registered agent for service of process is Andy Liu, and can be served at 13111 West Markham Street, Apartment 291, Little Rock, Arkansas 72201.

23. Defendants employ individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

24. Defendants were Plaintiffs' employers within the meaning of the FLSA, 29 U.S.C. § 203(d), and the Arkansas Minimum Wage Act, A.C.A. § 11-4-203, at all times relevant to this lawsuit.

## IV. FACTUAL ALLEGATIONS

25. Plaintiffs repeat and re-allege all the preceding paragraphs of this Original Complaint as if fully set forth in this section.

26. Plaintiffs were employed by Defendants as servers and/or bartenders at AW Lins during the time period relevant to this lawsuit.

27. Plaintiffs and those similarly situated work as hourly, non-exempt servers and/or bartenders at AW Lins.

28. Defendants pay its servers and other tipped employees less than the minimum wage of $7.50 per hour. Instead of paying the required minimum wage,

Defendants take advantage of the tip credit allowed by 29 U.S.C. § 203(m).

29. Defendants do not inform their employees of the provisions of 29 U.S.C. § 203(m).

30. Defendants do not allow their servers or bartenders to keep all of the tips they receive. Instead, Defendants require the servers and bartenders to enter into a tip-pooling agreement as a condition of employment.

31. Defendants share the servers' and other tipped employees' tips with managers and other employees who "do not customarily and regularly receive tips" within the meaning of 29 U.S.C. § 203(m).

32. Some of the employees who were provided funds from the tip pool are not employees who customarily and regularly receive tips. As a result, Defendants' tip pool did not satisfy the requirements of the FLSA, and Defendants are not eligible to take the tip credit.

33. Plaintiffs and all those similarly situated are entitled to the return of their tips and wages and compensation based on the standard minimum wage for all hours worked.

## V. COLLECTIVE ACTION ALLEGATIONS

34. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

35. At all relevant times, Plaintiffs and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

36. Plaintiffs bring this action on behalf of themselves and all other similarly situated employees, former and present, who were and/or are affected by Defendants'

willful and intentional violation of the FLSA pursuant to 29 U.S.C §§ 207 and 216(b), specifically as follows:

> **All persons who Defendants paid as tipped employees at any time within the three years prior to the filing of Plaintiffs' Original Complaint.**

37. At all relevant times, Defendants directly hired members of the Collective Action Class to work in restaurants, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions, and kept at least some records regarding their employment.

38. At all relevant times, each member of the Collective Action Class regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

39. Plaintiffs are unable to state the exact number of the class, but believe the number to be between twenty and forty. Defendants can readily identify the members of the class, who are a certain portion of the current and former employees of Defendants.

40. The names and physical and mailing addresses of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via first class mail to their last known physical and mailing addresses as soon as possible.

41. The email addresses of many of the probable FLSA collective action Plaintiffs are available from Defendants, and notice should be provided to the probable FLSA collective action Plaintiffs via email to their last known email address as soon as possible.

42. Defendants regularly communicate with Plaintiffs and the collective action class members via text message. Defendant can and should provide the last-known cell phone numbers of the class so that Plaintiffs can distribute notice of the collective action via text message.

43. The proposed FLSA class members are similarly situated in that they have been subject to uniform practices by Defendants which violated the FLSA, including Defendants' failure to pay members of the class lawful overtime compensation in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

44. Defendants' actions in denying tips and wages to Plaintiffs and all other similarly-situated employees were intentional and constitute a willful violation of the FLSA.

## VI. FIRST CLAIM FOR RELIEF

**(Collective Action Claim for Violation of the Fair Labor Standards Act)**

45. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

46. This is a collective action filed on behalf of all non-exempt tipped employees who were subject to an illegal tip-pooling arrangement under the FLSA.

47. At all relevant times, Plaintiffs and all similarly-situated employees have been entitled to the rights, protection, and benefits provided by the FLSA.

48. At all relevant times, Plaintiffs and all similarly-situated employees have been "employees" of Defendants', as defined by 29 U.S.C. § 203(e).

49. At all relevant times, Defendants were "employers" of Plaintiffs and all other similarly-situated employees, as defined by 29 U.S.C. § 203(d).

50. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. § 203(m).

51. Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

52. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit towards its minimum wage obligations.

53. Defendants failed to pay Plaintiffs and all similarly-situated employees the minimum wages required under the FLSA for tipped work and for non-tipped work.

54. At all relevant times, Defendants willfully failed and refused to compensate Plaintiffs and other similarly-situated employees for all hours worked at the standard minimum wage under the FLSA because it retained their tips in furtherance of an invalid tip-pooling arrangement.

55. Defendants violated and continues to violate the FLSA by withholding Plaintiffs' and all other similarly-situated employees' tips in furtherance of an invalid tip-pooling arrangement.

56. Defendants willfully violated and continues to violate the FLSA by withholding Plaintiffs' and all other similarly situated employees' tips and wages in furtherance of an invalid tip-pooling arrangement.

57. Defendants' violations entitle Plaintiffs and all other similarly-situated employees to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.50 per hour less the amount of wages actually received and a return of the tips withheld.

58. Defendants' violations entitle Plaintiffs and all other similarly-situated employees to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

59. Plaintiffs and all other similarly-situated employees are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VII. SECOND CLAIM FOR RELIEF

### (Individual Claims for Violation of the Fair Labor Standards Act)

60. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

61. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the FLSA.

62. At all relevant times, Plaintiffs have been "employees" of Defendants' as defined by 29 U.S.C. § 203(e).

63. At all relevant time, Defendants were "employers" of Plaintiffs as defined by 29 U.S.C. § 203(d).

64. Under FLSA regulations, tips are the property of the employee whether or not the employer has taken a tip credit under 29 U.S.C. §203(m).

65. Furthermore, valid mandatory tip pools can only include those employees who customarily and regularly receive tips. An employer may not retain any of the employees' tips for any other purpose.

66. An employer can only retain an employee's tips in furtherance of a valid tip-pooling arrangement or as a credit toward its minimum wage obligations.

67. At all relevant times, Defendants willfully failed and refused to compensate Plaintiffs for all hours worked at the standard minimum wage under the FLSA because they retained their tips in furtherance of an invalid tip-pooling arrangement.

68. Defendants violated and continue to violate the FLSA by withholding Plaintiffs' tips in furtherance of an invalid tip-pooling arrangement.

69. Defendants failed to pay Plaintiffs the minimum wages required under the FLSA for tipped work and for non-tipped work.

70. Defendants' violations entitle Plaintiffs to compensatory damages calculated as the full amount of wages owed at the minimum wage of $7.50 per hour less the amount of wages actually received and a return of the tips withheld.

71. Defendants' violations entitle Plaintiffs to liquidated damages pursuant to 29 U.S.C. § 216(b) of an amount equal to compensatory damages.

72. Plaintiffs are entitled to an award of their attorney's fees and court costs pursuant to 29 U.S.C. § 216(b).

## VIII. THIRD CLAIM FOR RELIEF

### (Individual Claims for Violation of AMWA Minimum Wage Provisions)

73. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully set forth herein.

74. At all relevant times, Plaintiffs have been entitled to the rights, protection, and benefits provided by the AMWA.

75. At all relevant times, Plaintiffs have been "employees" of Defendants', as defined by Ark. Code Ann. § 11-4-203(3).

76. At all relevant times, Defendants were "employers" of Plaintiffs as defined by Ark. Code Ann. § 11-4-203(4).

77. Defendants have failed and refused to comply with the AMWA wage requirements by failing to allow Plaintiffs to keep their tips to offset the gratuity allowance permitted by Ark. Code Ann. § 11-14-212.

78. Defendants took advantage of the gratuity allowance permitted by Ark. Code Ann. §11-14-212, but also required Plaintiffs to give a portion of their tips to non-tipped managers, thus preventing Plaintiffs from receiving minimum wage as required by Ark. Code Ann. § 11-14-210.

79. Defendants failed to pay Plaintiffs the minimum wages required under the AMWA for tipped work and for non-tipped work.

80. Defendants' conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

81. By reason of the unlawful acts alleged herein, Defendants are liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the AMWA for all violations which occurred beginning at least three (3) years preceding the filing of this Complaint, plus periods of equitable tolling.

82. Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the AMWA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay and unpaid minimum wages described above pursuant to Ark. Code Ann. § 11-4-218.

83. Alternatively, should the Court find that Defendants acted in good faith in failing to pay Plaintiffs as provided by the AMWA, they are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Rachael Shires and Spencer Pillay, each individually and on behalf of all members of the putative class respectfully request this Court grant the following relief:

(a) That each Defendant be summoned to appear and answer herein;

(b) That each Defendant be required to account to Plaintiffs, the class members, and the Court for all of the hours worked by Plaintiffs and the class members and all monies paid to them;

(c) A declaratory judgment that Defendants' practices alleged herein violate the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(d) Certification of, and proper notice to, together with an opportunity to participate in the litigation, the class of all qualifying current and former employees;

(e) Judgment for damages for all unpaid overtime compensation under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*;

(f) Judgment for liquidated damages pursuant to the Fair Labor Standards Act, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the Class during the applicable statutory period;

(g) An order directing Defendants to pay Plaintiffs and members of the Class prejudgment interest, reasonable attorney's fees and all costs connected with this action;

(h) Reservation of the right to amend this Complaint as provided by law; and

(i) Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**RACHAEL SHIRES and SPENCER PILLAY, Each Individually and on Behalf of all Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
ONE FINANCIAL CENTER
650 S. SHACKLEFORD SUITE 411
LITTLE ROCK, ARKANSAS 72211
TELEPHONE: (501) 221-0088
FACSIMILE: (888) 787-2040

By: ______________________
Steve Rauls
Ark. Bar No. 2011170
steve@sanfordlawfirm.com

and ______________________
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**RACHAEL SHIRES and SPENCER PILLAY, Each Individually and on Behalf of All Others Similarly Situated** **PLAINTIFFS**

vs. No. 4:17-cv-____

**AW LINS ASIAN CUISINE DOWNTOWN LITTLE ROCK, LLC, and "ANDY" LIU and "JENNY" LIU** **DEFENDANTS**

**<u>CONSENT TO JOIN COLLECTIVE ACTION</u>**

I was employed as a TIPPED EMPLOYEE on or after November 20, 2014, by AW Lins. I understand this suit is being brought under the Fair Labor Standards Act (FLSA) for unpaid minimum wages and overtime compensation. As an employee or former employee of Defendants, I consent to become a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication of the Court.

I declare under penalty of perjury that the foregoing is true and correct.

______________________________
**RACHAEL SHIRES**

Date: November 15, 2017

**Josh Sanford**
**Sanford Law Firm, PLLC**
**One Financial Center**
**650 South Shackleford, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**